FILED

AUG 29 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
               DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARIA LAURA GUERRERO<br>　　　Plaintiff,<br>v.<br><br>HUDSON & KEYSE, L. L. C.<br><br>　　　Defendants | § <br> § Case No.: **A07CA 731 SS**<br> §<br> §<br> § COMPLAINT AND JURY<br> § DEMAND<br> §<br> § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, MARIA LAURA GUERRERO ("GUERRERO" or "Plaintiff") brings suit against Defendant HUDSON & KEYSE, L. L. C. ("HUDSON"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), Fair Credit Reporting Act ( "F.C.R.A."), U.S.C. 1691 *et seq.*, the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations.

### A.   JURISDICTION AND VENUE

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.) and the Fair Credit Reporting Act . Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.  The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.	Venue in this District because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Blanco County, Texas.

3.	Plaintiff is an individual who resides in Blanco, TX and whose mailing address is P.O. Box 251, Blanco, TX 78606.

4.	HUDSON & KEYSE, L. L. C. is a limited liability partnership organized under the laws of the Delaware whose principle address is 382 BLACKBROOK ROAD, PAINSEVILLE, OH 44077. It may be served **HUDSON & KEYSE, L. L. C. by and through registered agent, Janice E. Cohen, 2911 Turtle Creek Blvd., Suite 200, Dallas, TX 75219**.

5.	The Court has jurisdiction over Defendant Hudson, a nonresident. Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that constituted a tort, and said actions form the basis of this suit.

6.	All conditions precedent necessary to maintain this action have been performed or have occurred.

### B.	STATEMENT OF FACTS

7.	On October 16, 2006 Hudson filed suit against Guerrero and her father in Bastrop County District Court in Cause No. CV06242, Hudson & Keyse, L. L. C. v. Maria Laura Guerrero and Juan F. Guerrero, Sr., 424th Judicial District, Blanco County District Court, Bastrop County, TX (hereafter "the state court action"). Hudson alleged that Guerrero was liable for a "*current*

*balance* of $7,298.68" for an alleged Chase Manhattan Bank USA credit card, account # 4226-6106-5117-3045. The plain meaning of the term "current balance" means the total amount currently due as of the date the Original Petition was drafted, presumably a few days prior to its October 16, 2006 filing.

8.      Hudson's lawsuit was barred by the statute of limitations. Guerrero incurred attorney's fees in defending the state court action.

9.      Hudson's first communication was Guerrero regarding the Chase account was the serving of the lawsuit. Hudson did not follow up with a validation notice within 5 days of its first communication with Guerrero.

10.     Hudson reported the alleged Chase account on Guerrero's credit report. The reporting misstated the character, extent or amount of the alleged consumer debt. Hudson "re-aged" the debt, that is, Hudson reported the date of last activity as more current than it actually was. This had the effect of allowing the derogatory information to remain on Guerrero's report longer than allowed by law. Hudson also inflated the amount of the alleged debt in its reporting to the credit reporting agencies. When Guerrero disputed the inflated debt, Hudson verified the debt as accurate. Hudson was representing in its pleadings the debt was of one amount and, simultaneously, reporting to the credit reporting agencies that the debt was of another amount, even when challenged.

### B.    COUNT #1: Violation of the Fair Credit Reporting Act..

11.     Guerrero incorporates the statements of facts above. Hudson violated the Fair Credit Reporting Act ( "F.C.R.A."), U.S.C. 1691 *et seq*. Without limitation, Hudson violated the

F.C.R.A. by willfully or, in the alternatively negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b). Hudson is liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

12. Hudson violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Guerrero's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Guerrero's credit file.

13. Hudson's communicated factual misrepresentation regarding Guerrero's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if any, and promotional inquiries from prospective creditors seeking to determine if they should send Ms. Guerrero credit particular credit offers. Hudson's false statements of Guerrero's are libel per se. These statements made it more difficult for Guerrero to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Hudson's factual misrepresentations.

14. Hudson's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Guerrero to recover pursuant to 15 U.S.C. § 1681o.

15. The Plaintiff is entitled to recover costs and attorney's fees from Hudson in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### C.    COUNT #2: Libel

16.    Hudson committed the tort of liable against Plaintiff. Hudson's communicated factual misrepresentation regarding Guerrero's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if any, and promotional inquiries from prospective creditors seeking to determine if they should send Ms. Guerrero credit particular credit offers. Hudson's false statements of Guerrero's are libel per se. These statements made it more difficult for Guerrero to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Hudson's factual misrepresentations. In the alternative, if Hudson made any of the statements in a manner other than in writing, Guerrero brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations.

### D.    COUNT #3: Providing false credit information in violation of Tex. Fin. C. § 391.001 et seq.

17.    Hudson violation Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information. Hudson furnished false information about Guerrero's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. Hudson is liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

### E.    COUNT # 4: Violations of the federal Fair Debt Collection Practices Act

18.    Guerrero incorporates the above statement of facts by reference.

19.  Guerrero brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

20.  Guerrero is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.  Hudson is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

22.  The obligation alleged by Hudson in the state court proceeding is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.  The above statement of facts are incorporated by reference and demonstrate that Hudson violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692, *et seq.* By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; by making false, deceptive, or misleading representations in connection with the collection of an alleged debt; threatening to take an act and actually taking an act prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; the use of a false representation or deceptive means to collect or attempt to collect any debt; engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Guerrero; and failing to provide Ms. Guerrero with the validation language required in § 1692g within five years of its original communication with Ms. Guerrero.

F. **COUNT # 5: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq***

24. Plaintiff incorporates the above statement of facts by reference.

25. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

26. Defendant is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

27. The obligation alleged by Hudson in the state court action is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

28. Hudson violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law.

29. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 *per violation*, and mandatory attorney's fees and costs, and these are so sought. Guerrero also seeks a permanent injunction to prohibit Hudson from again violating the debt collection statutes. Without limitation, Guerrero seeks the amount of attorney's fees incurred in the state court proceeding as actual damages in this action. Attorneys fees accrued by the consumer in defending an improperly filed collection act are actual damages that may be recovered separate and apart from the any fee-shifting attorney's fee award. Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984) (attorney's fees in

7

defending prior action allowed as actual damages); In re Wilson, 311 B.R. 566 (D.Or. 2004), aff'd Shelton v. Wilson, 2006 WL 1737221 (9th Cir. 2006) (attorney's fees were considered damages under Oregon's collection agency statute.).

### G. COUNT # 6: Tort of unfair debt collection.

30. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954); Foley Newsom Oil Co. v. Crawford, 515 S.W.2d 750 (Tex. Civ. App.--Houston [14th Dist.] 1974, no writ). Exemplary and punitive damages may be recovered for this tort, and are so sought.

### H. COUNT # 7: Equitable relief sought under the D.T.P.A.

31. Plaintiff seeks D.T.P.A. relief solely as a *derivative* claim through Tex. Fin. C. § 392.404 (a violation of the Texas debt collection act is a "deceptive trade practice" under the D.T.P.A.). Plaintiff seeks equitable relief under the D.T.P.A., which does not require presuit notice. Presuit D.T.P.A. notice is only "a prerequisite to filing a suit seeking damages under" Tex. Bus. Com. C. § 17.50(b)(1). Tex. Fin. C. § 17.505. Plaintiff does not seek such recovery at this time. Rather, at this time, Plaintiff limits his requested D.T.P.A. equitable relief to that authorized under Tex. Bus. Com. C. § 17.50(b)(2) (injunctive relief), § 17.50 (b)(3) ("orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of" the D.T.P.A., § (b)(4) ("any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state..."), and other equitable relief. Other equitable relief sought includes, without limitation, profit disgorgement and fee forfeiture. Plaintiff seeks a permanent

8

injunction barring Hudson from again taking actions that form the basis of this suit. Plaintiff need not show actual damages in order to obtain said equitable relief. <u>Kinzbach Tool Co. v. Corbett-Wallace Corp.</u>, 160 S.W.2d 509, 514 (Tex. 1942); <u>Watson v. Limited Partners of WCKT, Ltd.</u>, 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); <u>Russell v. Truitt</u>, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); <u>see also</u> Restatement (Second) of Agency § 399 (1958) (listing remedies).

32.   Guerrero seeks equitable relief under the D.T.P.A., which do not require presuit notice. Presuit D.T.P.A. notice is only "a prerequisite to filing a suit *seeking damages* under" Tex. Bus. Com. C. § 17.50(b)(1). Tex. Fin. C. § 17.505. Plaintiff does not such recovery at this time. Rather, at this time, Plaintiff limits his requested D.T.P.A. equitable relief authorized under Tex. Bus. Com. C. § 17.50(b)(2) (injunctive relief), § 17.50 (b)(3) ("orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of" the D.T.P.A., § (b)(4) ("any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state…"), other equitable relief. Other equitable relief sought includes, without limitation, profit disgorgement and fee forfeiture. Guerrero seeks a permanent injunction barring HUDSON from again taking actions that form the basis of this suit. Guerrero need not show actual damages in order to obtain said equitable relief. <u>Kinzbach Tool Co. v. Corbett-Wallace Corp.</u>, 160 S.W.2d 509, 514 (Tex. 1942); <u>Watson v. Limited Partners of WCKT, Ltd.</u>, 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); <u>Russell v. Truitt</u>, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); <u>see also</u> Restatement (Second) of Agency § 399 (1958) (listing remedies).

33. This petition serves as written notice of Guerrero's intention to amend this petition within 60 days from receipt to add claims for economic damages. Damages are estimated as the value of the work of his attorneys in the state court proceedings, estimated at this time at $3,000, plus defamation per se for Hudson's false reporting to the credit reporting agency, estimated at this time at $10,000.00, plus $3,000.00 in attorney's fees.

34. Guerrero is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d). See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 819 (Tex. 1997). To effectuate the remedial purpose of protecting consumer's. attorney's fees under the D.T.P.A. are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages.)

I. **COUNT # 8: Fraud.**

35. Guerrero incorporates the above statement of facts by reference.

36. Hudson made material and false representations When Hudson made the representations,

it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Hudson made the representations with the intent that Guerrero act on them. Guerrero in fact relied on the representations, causing his injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). GUERRERO seeks exemplary and punitive damages for these acts.

**J.    COUNT # 9: Negligence & gross negligence, including negligent misrepresentation.**

37.    Plaintiff incorporates the above statement of facts by reference.

38.    Hudson owed a legal duty to Guerrero. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). Hudson breached their legal duty, and the breach proximately causing Guerrero harm. Guerrero is also liable for negligent hiring, training, supervision or retention of competent employees and local counsel. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Guerrero brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Guerrero seeks exemplary and punitive damages for these acts.

**K.    COUNT # 10: Declaratory and injunctive relief.**

39.    Plaintiff incorporates the above statement of facts by reference.

11

40.  Guerrero seeks declaratory relief that Hudson committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. C.P.R.C. § 37.004(a). Guerrero seeks attorney's fees and costs. C.P.R.C. § 37.009; <u>Butnaru v. Ford Motor Co.</u>, 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity).

## L.  ATTORNEY'S FEES

41.  Guerrero seeks attorney's fees and costs.

## M.  JURY DEMAND.

42.  Guerrero demands a jury trial and tenders the appropriate fee with this petition.

## N.  PRAYER

43.  For these reasons, GUERRERO asks for judgment against HUDSON & KEYSE, L. L. C. for the following:

   i.   The above referenced relief requested;

   ii.  Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act); statutory and punitive damages pursuant to the F.C.R.A.; statutory damages of $200.00 per violation of the Tex. Fin. C. § 391.001 *et seq.*

   iii. Actual and economic damages within the jurisdictional limits of the court;

   iv.  Attorney fees;

   v.   Costs of court;

   vi.  Exemplary and punitive damages;

vii.   Prejudgment and post-judgment interest as allowed by law;

viii.  Costs of suit;

ix.    General relief;

x.     An injunction preventing the debt collector from engaging in similar unlawful conduct now and in the future;

xi.    All other relief, in law and in equity, both special and general, to which Guerrero may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz

ATTORNEY FOR PLAINTIFF

State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., Suite 2600
Brooklyn, NY 11241-1026

Phone: (512) 494-9797
Fax:   (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com